IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re:  Case No. 14-02574-MAM

ALMON BOWEN BALLARD, a/k/a
BOWEN BALLARD,

    *Debtor and Debtor-In-Possession.*

**ORDER DENYING DEBTOR'S REQUEST FOR VENUE CHANGE AND GRANTING THE CREDITORS' MOTIONS FOR VENUE CHANGE**

    Burt W. Newsome, Attorney for Aliant Bank, Birmingham, AL
    James L. Day, Attorney for Debtor, Montgomery, AL
    Charles N. Parnell III, Attorney for River Bank & Trust, Montgomery, AL

This matter is before the Court on the Debtor's motion for an inter-district transfer, the objections of Aliant Bank and River Bank (collectively, "the Banks"), and on the Banks' motions for change of venue to the Middle District of Alabama. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding. For the following reasons, the Debtor's motion to change venue is DENIED, the Banks' objections are SUSTAINED, and the Banks' motions to change venue are GRANTED.

**FACTS**

The Debtor filed a petition for an order of relief under Chapter 11, Title 11 of the U.S.C. on August 12, 2014 in the United States Bankruptcy Court for the Southern District of Alabama, Northern Division (Selma). Also on August 12, 2014, the Debtor moved the Court to retain venue in the Southern District of Alabama. Creditor Aliant Bank objected to the Debtor's venue motion. Creditor River Bank & Trust moved the Court for a change of venue from the Southern District of Alabama to the Middle District of Alabama. Creditor Aliant Bank also filed a motion

for change of venue to the Middle District of Alabama. The Debtor responded to these motions seeking to have the Court retain jurisdiction of his case.

The Debtor is a resident of Montgomery County, Alabama. The Debtor is associated with and/or has a partial interest in eighteen business entities, the majority of which are located in Montgomery. The Debtor has been affiliated with and has been a majority shareholder, officer, and director of Ballard Realty Company, Inc. for over forty years. Ballard Realty Company, Inc. is located in Montgomery, Alabama. The Debtor's Chapter 11 case has eight secured creditors and fifteen unsecured creditors. Two of the secured creditors are located in Montgomery and three of the unsecured creditors are located in Montgomery.

The debtor alleges that The Montgomery Advertiser, a Montgomery area newspaper, publishes the names of all debtors filing for protection under the Bankruptcy Code in the Middle District of Alabama. He suggests that this practice is done purely for the "gossip" value, not to benefit interested parties. Further, he argues that public knowledge of his filing, at least in Montgomery County, would adversely affect the perception and viability of the corporate entities with which he is currently affiliated. For this reason, he contends that venue in Selma is preferable to venue in Montgomery.

## LAW

Section 1408(1) of Title 28 sets forth the venue provisions for bankruptcy cases. It states,

> Except as provided in section 1410 of this title, a case under title 11 *may* be commenced in the district court for the district—
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district;

Emphasis added. The parties agree that neither the Debtor's domicile, residence, principal place of business, nor principal assets are located in the Southern District of Alabama, Northern Division or Selma area. Therefore, venue is not proper in Selma under the explicit provisions of 1408(1). However, the Debtor argues that 1408(1) lists places where the Debtor *may* file a bankruptcy petition; it does not state that the Debtor is required to file in one of these locations. In essence, the Debtor reads 1408(1) as a suggestion of where a debtor might choose to file a case, but interprets the code section to allow a Debtor to file a bankruptcy case anywhere.

In construing a statute courts must presume that Congress "says in a statute what it means and means in a statute what it says there." *Conn. Nat. Bank v. Germain*, 503 U.S. 249 (1992). While the plain language of section 1408(1) is permissive rather than mandatory, it provides specific venue locations for bankruptcy cases. "If venue is to have any meaning at all in a bankruptcy context, the Court must consider the terms of § 1408 as providing legal constraints on bankruptcy filing, not mere suggestions." In re *MacDonald*, 356 B.R. 416 (W.D. Tenn. 2006). As the *MacDonald* court put it,

> The Court finds unpersuasive the debtors' interpretation of § 1408's use of the word "may" in the phrase "may be commenced." While "may" does convey permission, it is doubtful that its use here was intended to imply that a bankruptcy case may be commenced anywhere at all. A statute must be construed to avoid absurdity, and under the interpretation suggested by the debtors § 1408 would be rendered quite devoid of meaning . . . . While the statute would have been clearer still if Congress had chosen to insert the word "only" after "may," it is nonetheless amply clear that § 1408 conveys the precise venue requirements Congress intended to impose upon debtors seeking bankruptcy protection.

*Id.* at 424. The Court agrees with the *MacDonald* court's analysis on this point and finds that the Southern District of Alabama, Northern Division was not a proper venue for the Debtor's bankruptcy filing. The issue then is whether the

Court can and should retain jurisdiction over an improperly venued case over the objection of a creditor(s).

While there may be an argument under Bankruptcy Rule of Civil Procedure 1014 that the Court can retain an improperly filed case "in the interests of justice or for the convenience of the parties," the Court finds that, in this case, it is not the proper forum for making this decision. It is for a court that has proper venue under § 1408 to determine if a transfer to the Southern District of Alabama, Northern Division is in the interests of justice or best serves the convenience of the parties. In this case, the parties suggest that Montgomery County may be that court. While the Court realizes that the publicity that may accompany filing in Montgomery County may harm the value of the Debtor's business interests, the Debtor has not shown that this potential harm would so prejudice the Debtor that it warrants depriving a court in Montgomery County of determining these issues.

For the foregoing reasons, the Court is DENYING the Debtor's motion for a change of venue and SUSTAINING the creditors' objections to this motion, and the Court is GRANTING the Creditors' motions for a change of venue and transferring the case to the United States Bankruptcy Court for the Middle District of Alabama.

Dated: October 6, 2014

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE